UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| ANGELA HOWARD, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | 5:18-cv-00613-JMH |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| 21st MORTGAGE CORPORATION, *et* | ) | |
| *al.*, | ) | |
| | ) | |
| Defendants. | | |

\*\*\*

This matter is before the Court on the Parties'
"Joint Stipulation of Dismissal with Prejudice as to Defendant
Experian Information Solutions, Inc.," [DE 40], pursuant to
Federal Rule of Civil Procedure 41(a)(1)(A)(ii), in the above-
captioned matter. As this Court has repeatedly held, dismissal of
claims against individual parties in an action is not appropriate
under Rule 41(a). As such, this Court construes the parties' joint
stipulation as a motion. For the reasons stated herein below, and
the Court being otherwise sufficiently advised, the parties'
motion [DE 40] is **DENIED**.

## I.   PROCEDURAL BACKGROUND

On November 14, 2018, the Plaintiff, Angela Howard, filed
this action against six (6) defendants generally alleging
violations of the Fair Credit reporting Act, 15 U.S.C. § 1681
and/or the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.
§ 1692, *et seq.* [DE 1]. Subsequently, on January 10, 2019, Howard

filed an amended complaint with leave of Court naming Credit Plus as a Defendant. [DE 30].

On February 14, 2019, the Court considered Plaintiff's motion to dismiss all claims against Defendant Credit Plus, Inc., with prejudice pursuant to Rule 41(a)(2), [DE 32], and provided notice of voluntary dismissal pursuant to Rule 41(a)(10)(i) indicating that all claims against Defendant Equifax Information Services may be dismissed with prejudice. [DE 25].

In ruling on the motions to dismiss, the Court explained to the parties that Rule 41(a) does not allow a court to dismiss some, but not all, of the defendants in a single case. [DE 34]. *See United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462 (E.D. Ky. 2018). Instead, the Court explained that Rule 21 is the appropriate rule to dismiss a single defendant. However, the Court construed the Defendants filings as motions as properly filed motions to dismiss under Rule 21. [DE 34 at 3-6, PageID #330-31].

Now, the Plaintiff, through Counsel, has yet again filed a motion to dismiss an individual party – in this instance Defendant Experian Information Solutions, Inc. - under Rule 41(a)(1)(A)(ii). [DE 40].

## II.  Analysis

Here, the parties moved to dismiss using joint stipulations of dismissal under Rule 41(a)(1)(A)(ii). Generally, Fed. R. Civ. P. 41(a)(1)(A)(ii) allows dismissal of an action without court

order through a joint stipulation of dismissal signed by all parties who have appeared.

In the Sixth Circuit, a plaintiff may only dismiss an "action" using Rule 41(a) and an "action" is interpreted to mean the "entire controversy." *Philip Carey Manufacturing Company v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961). While some Circuits disagree with the Sixth Circuit's interpretation of Rule 41(a), this Court is bound by Sixth Circuit precedent. *See Preferred Care*, 326 F.R.D. at 464; *see, e.g.*, *Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 693–94 (D. Utah 2015) (discussing the circuit split and citing cases). Here, the parties do not seek dismissal of the entire action, but rather only one defendant. [DE 40]. As the motion/joint stipulation would not extinguish this action as to all defendants, granting the parties motion to dismiss/stipulation under Rule 41 would be inappropriate.

In its prior Order, [DE 34], this Court made clear the appropriate rule under which a party may dismiss a single defendant – Rule 21. *See Taylor*, 286 F.2d at 785 ("we think that [Rule 21] is the one under which any action to eliminate" a single defendant should be taken); *see also Letherer v. Alger Grp., LLC*, 328 F.3d 262, 266(6th Cir. 2003), *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008); *Wilkerson v. Brakebill*, No. 3:15-CV-435-TAV-CCS, 2017 WL 401212 (E.D. Tenn. Jan. 30, 2017) ("Rule 21 is the more appropriate

3

rule"); *Lester v. Wow Car Co., Ltd.*, No. 2:11-cv-850, 2012 WL 1758019, at *2 n.2 (S.D. Ohio May 16, 2012) ("the Sixth Circuit has suggested that dismissal of an individual party, as opposed to an entire action, is properly conducted pursuant to Rule 21, not Rule 41"); *Warfel v. Chase Bank USA, N.A.*, No. 2:11-cv-699, 2012 WL 441135, at *2 (S.D. Ohio Feb. 10, 2012).

In filing the subject motion, which seeks to dismiss a single defendant, the parties have again failed to move under the appropriate Federal Rule of Civil Procedure. This Court disinclined to construe the joint stipulation/motion under Rule 41 as a motion under Rule 21 because the parties are unwilling or unable to comply with the Rules, in accordance with this Court's prior Order. As a result, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that the parties' Joint Stipulation/Motion [DE 40] be, and hereby is, **DENIED.**

This the 17th day of May, 2019.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge